HERNÁNDEZ, DEMANDANTE Y APELANTE *v.* BENET, DEMANDADO Y APELADO.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de lo indebido.

No. 1609.—Resuelto en marzo 29, 1917.

COBRO DE LO INDEBIDO—COSA JUZGADA—IDENTIDAD DE COSAS Y CAUSAS Y DE LITIGANTES.—En este caso los acreedores en unas órdenes aprobatorias de memorándums de costas, gastos, desembolsos y honorarios de abogados, traspasaron o cedieron sus derechos en las mismas a tercera persona, quien cobró los créditos del deudor. Este reclamó más tarde del cesionario el montante de ciertas partidas de los memorándums, siéndo denegada su demanda, por ser cosa juzgada. *Se resolvió:* que siendo el cesionario causahabiente de los derechos de los acreedores, los litigantes en este caso son los mismos que en los incidentes sobre memorándums de costas con arreglo al artículo 1219 del Código Civil; que existe perfecta identidad de cosas y causas, puesto que en los incidentes citados se discutía si eran debidas o nó las partidas que figuraban en los memorándums, resolviéndose que tales partidas eran debidas, y en el presente pleito la cuestión versa sobre lo mismo, o sea sobre si fueron pagadas debidamente; y que de declararse ahora con lugar la demanda tendría que ser bajo el fundamento del pago indebido de las partidas, por lo que quedaría sin efecto lo ya decidido anteriormente con autoridad de cosa juzgada.

ID.—COSTAS Y DESEMBOLSOS—ACCIONES INDEPENDIENTES PARA COMBATIR LO RESUELTO POR EJECUTORIA.—Resuelto por ejecutoria que una parte debe pagar las diversas partidas comprendidas en un memorándum de costas, desembolsos y honorarios de abogado, no cabe luego resolver en un pleito subsiguiente sobre cobro de lo indebido que no se estaba en el deber de pagar algunas de esas partidas, porque es dentro de los respectivos juicios donde deben utilizar los litigantes todos sus medios de defensa para evitar las perturbaciones o inseguridad que se producirían si se conceptuasen como acciones independientes las diversas razones a que las partes pudieran ocurrir para combatir una sentencia después de causar ejecutoria.

COSTAS Y DESEMBOLSOS—ABUSO DE DISCRECIÓN—TEMERIDAD O MALICIA.—Cuando no se demuestra que la corte inferior abusara de su discreción al hacer el pronunciamiento relativo a costas, no se irá en apelación contra su apreciación sobre la temeridad o malicia con que procedió la parte condenada al ejercitar su acción.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

El apelado también compareció en nombre propio

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En los pleitos Nos. 2712, 2772 y 2967, seguidos en la Corte

de Distrito de Mayagüez, el primero por Emilio Arán Cuascú contra Agustín Hernández Mena *et al.*, sobre tercería de dominio de bienes inmuebles, el segundo por Agustín Hernández Mena contra Alejandrina Blanco Ramírez y Emilio Arán Cuascú, sobre nulidad, y el tercero por Alejandrina Blanco Ramírez contra Agustín Hernández Mena y otros, también sobre nulidad, fueron dictadas sentencias por aquella corte declarando con lugar la demanda del caso número 2712 con imposición de las costas al demandado Agustín Hernández Mena, teniendo por desistido a Agustín Hernández Mena de su acción en el caso No. 2772 a su perjuicio y con las costas, e imponiendo en el caso No. 2967 a Agustín Hernández Mena el pago de su propias costas y el de la mitad de las de la demandante, quedando a cargo de ésta la otra mitad.

En cada caso de los expresados fué presentado el correspondiente memorándum comprendiendo diferentes partidas de cantidades desembolsadas por concepto de costas, gastos, desembolsos y honorarios de abogado, y habiendo sido impugnados por Hernández Mena, fueron aprobados, montando el memorándum del caso No. 2712, $123.70, el del caso No. 2772, $112.70, y el del caso No. 2967, $120.90, cuyas partidas dan el total de $357.30, de las cuales sólo $23.25 eran por concepto de costas y $334.05 por el de gastos, desembolsos y honorarios de abogados.

Contra las órdenes de la Corte de Distrito de Mayagüez aprobando los memorándums de costas de que se deja hecho mérito, interpuso recurso de apelación Agustín Hernández Mena, y los recursos fueron declarados sin lugar, confirmándose por esta Corte Suprema tanto las sentencias dictadas en los tres casos, como las órdenes aprobando los memorándums de costas.

Las partidas de $123.70, $112.70 y $120,90, que suman la cantidad de $357.30, fueron cobradas en dinero efectivo a Hernández Mena, mediante procedimiento de ejecución, y entregadas a José Benet Colón, cesionario por escritura pública de los créditos que por concepto de costas en cada uno de los

pleitos expresados adeudaba Agustín Hernández Mena a Alejandrina Blanco Ramírez y Emilio Arán Cuascú.

Con los hechos que dejamos relacionados por base, y bajo la alegación de derecho de que a Benet Colón sólo debió ser satisfecha la suma de $23.25 que era el montante de las costas en que fué condenado Hernández Mena, y no la cantidad de $334.05, a que ascendían los gastos, desembolsos y honorarios de abogado, pretende Hernández Mena sea condenado Benet Colón a restituirle los referidos $334.05 como indebidamente cobrados, con sus intereses legales desde el día 31 de agosto de 1914 en que los percibió.

A la anterior demanda se opuso el demandado José Benet Colón negando que hubiera cobrado indebidamente la suma reclamada por el demandante y alegando como materia nueva y defensa especial que la reclamación a que se contrae la demanda y todos los puntos que en ella se relacionan han sido adjudicados en los pleitos Nos. 2712, 2772 y 2967 de la Corte de Distrito de Mayagüez, constituyendo por tanto materia juzgada. Formuló además contrademanda el demandado y pidió que el demandante fuera condenado a pagarle la suma de $69.72 en concepto de intereses de las partidas adeudadas por Hernández Mena y que no pagó en las fechas en que debió satisfacerlas.

Celebrado el juicio la corte de Mayagüez dictó sentencia en 30 de junio de 1916 declarando sin lugar demanda y contrademanda con las costas a Agustín Hernández Mena, quien interpuso recurso de apelación contra dicha sentencia en cuanto declara sin lugar la demanda y le impone las costas.

Fúndase la sentencia en que los hechos alegados en la demanda constituyen materia juzgada, y la parte apelante alega que la corte cometió error al estimarlo así, infringiendo el artículo 1219 del Código Civil en relación con otros concordantes de la Ley de Evidencia.

El artículo 1219 del Código Civil dice así:

"Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquel en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.

"Se entiende que hay identidad de personas, siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior o estén unidos a ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas."

Las órdenes aprobatorias de los memorándums de costas fueron dictadas en los casos Nos. 2712, 2772 y 2967 en que fueron partes Emilio Arán Cuascú,. Alejandrina Blanco Ramírez y Agustín Hernández Mena, apareciendo los dos primeros como acreedores en los incidentes sobre aprobación de memorándum de costas, y Hernández Mena como deudor; y si bien Alejandrina Blanco Ramírez y Emilio Arán Cuascú no son partes en el presente pleito, lo es José Benet Colón como cesionario o causahabiente de los derechos de aquéllos. Para los fines legales, los litigantes son los mismos en los incidentes sobre memorándum de costas y en el presente pleito con arreglo al precepto legal transcrito. También existe la má.· perfecta identidad de cosas y causas, puesto que en los incidentes sobre memorándum de costas se discutía si eran debidas o no las diferentes partidas que figuraban en los memorándums por concepto de costas, gastos, desembolsos y honorarios de abogado originados con motivo de los pleitos Nos. 2712, 2772 y 2967, resolviéndose que tales partidas eran debidas; y en el presente pleito la cuestión versa si no en todo, en parte, sobre lo mismo, o sea, sobre si fueron pagadas debidamente y por tanto eran debidas las partidas relativas a gastos, desembolsos y honorarios de abogado. Si se declarara con lugar la demanda que ha dado origen al presente pleito el fundamento de esa declaratoria tendría que ser el pago indebido de las partidas de gastos, desembolsos y honorarios de abogado, cuyo pago fué declarado antes de-

bido por órdenes ejecutarias, y quedaría por tanto sin efecto lo ya decidido anteriormente con autoridad de cosa juzgada.

Y no importa que al impugnarse los memorándums de costas no descansara la impugnación en que los gastos, desembolsos y honorarios de abogado no estaban incluidos en el concepto de costas en que fué condenado Hernández Mena, pues como ya dijimos en el caso de *González* v. *Méndez et al.,* 15 D. P. R. 702, reproduciendo doctrina del Tribunal Supremo de España en sentencia de 14 de marzo de 1898, ''dentro de los respectivos juicios es donde deben utilizar los litigantes todos sus medios de defensa para evitar las perturbaciones o inseguridad que se producirían si se conceptuasen como acciones independientes las diversas razones a que las partes pudieran ocurrir para combatir una sentencia después de causar ejecutoria.''

Resuelto como ha sido ya ejecutoriamente que Agustín Hernández Mena debía pagar las diversas partidas comprendidas en los memorándums de costas de que se trata, no cabe resolver en el presente caso que no estaba en el deber de pagar algunas de esas partidas, sin infringir los mismos textos legales que invoca Hernández Mena en apoyo del recurso.

Existe, pues, la presunción y excepción de cosa juzgada en que se funda la sentencia apelada, y huelga por tanto discutir los motivos alegados por el apelante para sostener que pagó indebidamente la suma cuya devolución reclame.

Alega también Hernández Mena que la corte cometió error al condenarlo al pago de las costas, pues aunque la demanda fué desestimada en todas sus partes, su acción estaba justificada y además la contrademanda fué desestimada en todas sus partes.

No vemos que la corte de Mayagüez abusara de su discreción al hacer el pronunciamiento relativo a costas, y por tanto no iremos contra su apreciación sobre la temeridad o malicia con que procedió Hernández Mena al ejercitar su acción. Véase el caso de *Vivas* v. *Hernaiz, Targa & Co. et al.,* 24 D. P. R. 836.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.